UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**MICHAEL MYERS**

                                   **Plaintiff,**                  **05-CV-0446A(Sr)**

**v.**

**ANN ANDZEL and JOHN CULKIN,**

                                  **Defendants.**

---

## REPORT, RECOMMENDATION AND ORDER

This matter was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #19.

There are a multitude of motions currently pending.  Dkt. ##8, 15, 17, 21, 27, 34, 38, 40 & 48.  Plaintiff's motions for injunctive relief (Dkt. ## 8, 21 & 34), will be addressed in this Report, Recommendation and Order; the remaining motions will be addressed in a separate Decision and Order.   For the reasons set forth below, it is recommended that plaintiff's motions for injunctive relief be denied.

## BACKGROUND

Plaintiff, proceeding *pro se*, commenced this action pursuant to 42 U.S.C. § 1983 alleging that Ann Andzel, a special needs counselor at the Wende Correctional Facility ("Wende"), failed to provide plaintiff with reasonable accommodations for his

hearing loss, *to wit*, his shake awake alarm clock, access to TTY phones, and closed caption television decoder. Dkt. #1. In addition, plaintiff has moved to supplement his complaint to allege a claim of retaliation against defendant. Dkt. #40. Specifically, plaintiff claims that defendant has threatened disciplinary action against him unless he agreed to pay for TTY phone calls he claims he did not make; denied him access to the resource room; and subjected him to misbehavior reports in retaliation for filing this lawsuit. Dkt. #40.

## DISCUSSION AND ANALYSIS

Plaintiff moves for a temporary restraining order (Dkt. #8), preventing defendant Andzel from speaking about this lawsuit with other employees at Wende so as to protect him from harassment and retaliation and directing DOCS to assign him a different special needs counselor; a preliminary injunction (Dkt. #21), directing defendant Andzel to stop charging him for TTY phone calls that he did not make and to prevent defendant from denying plaintiff access to TTY phones; and a preliminary injunction (Dkt. #34), directing defendant Andzel to stop writing false charges against him in retaliation for the filing of this lawsuit and to follow the law requiring reasonable accommodation of his disability.

A preliminary injunction is an "extraordinary remedy that should not be granted as a routine matter." *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher*

*v. Goord*, 981 F. Supp. 140, 167-68 (W.D.N.Y. 1997), *citing Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994).

In most cases, a party seeking to obtain a preliminary injunction must establish that he will suffer irreparable harm in the absence of an injunction and demonstrate either: (1) a likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of the hardships tipping decidedly in the movant's favor. *Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996). However, where an injunction is mandatory – that is, where its terms would alter, rather than preserve, the status quo by commanding some positive act – the moving party must meet a higher standard than in the ordinary case by showing clearly that he or she is entitled to relief or that extreme or very serious damage will result from a denial of the injunction. *Phillip v. Fairfield University*, 118 F.3d 131, 133 (2d Cir. 1997). "This heightened standard is also required where the issuance of the injunction would provide the movant with substantially all the relief he or she seeks and where the relief could not then be undone, even if the non-moving party later prevails at trial." *Id.* This standard also applies to a party seeking a temporary restraining order. *Ifill v. Goord*, No. 03-CV-355, 2004 WL 1663994, at *1 (W.D.N.Y. April 8, 2004).

In the instant case, the relief plaintiff seeks by way of his motions for injunctive relief is substantially all the relief he seeks by way of this lawsuit, *to wit*, reasonable accommodations for his hearing loss and proper billing of the TTY phones.

Moreover, plaintiff is asking the Court to afford him this relief by ordering changes in the operations of a correctional facility, *e.g.,* directing personnel changes and prohibiting disciplinary action.  Thus, the heightened standard applies.  However, even under the more lenient standard, plaintiff cannot demonstrate entitlement to injunctive relief.  Plaintiff's complaint suggests that defendant Andzel's phone charges and misbehavior reports were based upon her reliance upon a log book of inmate usage of the TTY phone.  While plaintiff suggests that the log book is inaccurate, this is insufficient to demonstrate likelihood of success on the merits of his claims of improper billing of the TTY phone calls or false disciplinary charges with respect to payment of those charges.  Moreover, plaintiff does not bring forth sufficient facts from which the Court could surmise that the continuation of the acts complained of would inflict irreparable harm.  Accordingly, it is recommended that plaintiff's motions for injunctive relief be denied.

## CONCLUSION

Based on the foregoing, it is recommended that the plaintiff's motion for a temporary restraining order (Dkt. #8), be **DENIED** and that plaintiff's motions for injunctive relief (Dkt. ##21 & 34), also be **DENIED**.

Accordingly, pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

-5-

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

-6-

The Clerk is hereby directed to send a copy of this Order and a copy of the Report and Recommendation to the *pro se* plaintiff and counsel for the defendant.

**SO ORDERED.**

DATED:   Buffalo, New York
         April 10, 2006

                               **S/ H. Kenneth Schroeder, Jr.**
                               **H. KENNETH SCHROEDER, JR.**
                               **United States Magistrate Judge**